NUMBER
13-10-00045-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

JESUS GUERRA,                                                                          Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                           On
appeal from the 117th District Court 

of Nueces County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Yañez and Garza

Memorandum Opinion Per Curiam

 

Appellant, Jesus
Guerra, attempted to perfect an appeal from a conviction for burglary of a
habitation.  We dismiss the appeal for want of jurisdiction.








Sentence in
this matter was imposed on October 5, 2009 and no motion for new trial was
filed.  Notice of appeal was filed on November 19, 2009.  On August 4, 2010,
the Clerk of this Court notified appellant that it appeared that the appeal was
not timely perfected.  Appellant was advised that the appeal would be dismissed
if the defect was not corrected within ten days from the date of receipt of the
Court=s directive.  Appellant’s counsel responded by
filing a motion for leave to file the notice of appeal stating that appellant
is not an attorney and filed his notice of appeal pro se without the benefit of
counsel.   

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or suspended
in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days
after the deadline for filing the notice, the party files the notice of appeal
and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. 
See id. 26.3.  Although the notice of appeal herein was filed within the
15‑day time period for filing a motion for extension of time to file
notice of appeal, no such motion for extension of time was filed within the
15-day time period.  See id.

This Court's
appellate jurisdiction in a criminal case is invoked by a timely filed notice
of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
AWhen a notice of appeal is filed within the fifteen‑day
period but no timely motion for extension of time is filed, the appellate court
lacks jurisdiction.@  Olivo, 918 S.W.2d at 522.   Absent a timely
filed notice of appeal, a court of appeals does not obtain jurisdiction to
address the merits of the appeal in a criminal case and can take no action other
than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  








Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

Appellant’s
motion for leave to file the notice of appeal is hereby DENIED and the appeal
is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                                      PER
CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the

31st day of August, 2010.